## Commonwealth *v.* Adams, Appellant.

Submitted June 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Leonard Sosnov* and *John W. Packel,* Assistant Defenders, and *Benjamin Lerner,* Defender, for appellant.

*Jonathan D. Schiffman, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 22, 1975:
Judgment of sentence affirmed.

CONCURRING OPINION BY HOFFMAN, J.:

I concur in the result reached by the Majority. I reach that result, however, by a somewhat different route.

Appellant contends that the evidence was insufficient to prove that he was the "thief"[1] of the Corvette automobile. At the same time, he concedes in his brief that there was sufficient evidence to convict him of receiving stolen property: "While *this evidence is clearly sufficient to indicate that appellant knew that the automobile was stolen,* one could only conjecture as to whether he was the individual who stole the automobile from the complainant." (Emphasis added.)

The Majority points to §3921(a) of the Crimes Code, supra, to sustain appellant's conviction: "A person is guilty of theft if he unlawfully takes, or *exercises unlawful control over,* movable property of another with intent to deprive him thereof." (Emphasis added.) Thus, §3921 (a) does not require an initial, unlawful "taking" for an actor to be a "thief." At the same time, §3925 of the Code provides that "[a] person is guilty of theft if he intentionally receives, *retains,* or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen unless the

---

1. Act of December 6, 1972, P.L. 1482, No. 334, §1, eff. June 6, 1973; 18 Pa. C.S. §3921.

property is received, retained, or disposed with intent to restore it to the owner." (Emphasis added.) The Majority's interpretation of §3921 reads §3925 out of existence, in that all receivers of stolen property under the Majority's reading exercise unlawful control over the relevant property. The initial question in my mind is whether the General Assembly was attempting in §3921 to prohibit conduct not already proscribed by §3925.

The treatment of theft in the Crimes Code was an effort to clarify the confused and often highly technical law of "larceny" under the Penal Code:[2] "Although the existing laws were effectively categorized into appropriate sections [in the Penal Code], the problems of surplusage and definitive ambiguity remained. These problems were particularly evident in the area of offenses against property . . ."

" 'Formerly, Pennsylvania had a hodgepodge of six blackmail sections, eight larceny sections, and fourteen sections on embezzlement and taking by fraud. Because most of these laws were enacted piecemeal, with little regard for existing statutes, one was bewildered with the attempts to make sense out of needlessly frustrating overlap, the chaos primarily resulting from common law interpretations and the lack of correlation between punishment compared to the type of unlawful taking and amount taken." Comment, *Theft and Related Offenses In the New Pennsylvania Crimes Code: A New Concept In Property Offenses*, 78 Dick. L. Rev. 44, 45 (1973).

The Comment's analysis of §3921 is as follows: "This section encompasses the majority of former theft-type

---

2. The 1939 Penal Code did not define larceny, but stated simply that "[w]hoever commits larceny, is guilty of felony . . ." Act of June 24, 1939, P.L. 872, §807; 18 P.S. §4807. The common law, however, required that "caption and asportation" be proven. See *Theft and Related Offenses in the New Pennsylvania Crimes Code: A New Concept in Property Offenses*, 78 Dick. L. Rev. 44, 51 (1973).

offenses specified by the 1939 Penal Code, including all of the offenses termed larceny, embezzlement, and fraudulent conversion. In effect, the distinctions between the crimes under prior law were negligible; therefore, they have been assimilated into one offense." 78 Dick. L. Rev., supra, at 50-51. That is, §3921 encompasses embezzlement and fraudulent conversion. Fraudulent conversion, for example, was not included within the common law definition of larceny because a fraudulent conversion involved no "wrongful taking," the property having been lawfully received, but subsequently, being fraudulently withheld, converted or applied to the benefit of someone other than the owner. See Penal Code, supra, 18 P.S. §4834, "Fraudulent Conversion of Property"; *Commonwealth v. Doria*, 193 Pa. Superior Ct. 206, 163 A. 2d 918 (1960); *Commonwealth v. Spiegel*, 169 Pa. Superior Ct. 252, 82 A. 2d 692 (1951). Thus, I read §3921(a), as follows: a person is guilty of "Theft by Unlawful Taking or Disposition" even if he gains possession of property in a lawful manner, but thereafter "exercises unlawful control over" it.

I am able to concur in the result, however, because of §3902 of the Code: "Conduct denominated theft in this chapter constitutes a single offense. An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the complaint or indictment, subject only to the power of the court to ensure fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise."[3]

---

3. My disagreement with the Majority is not merely academic. If we are to avoid the artificial complexities of the common law and the Penal Code treatment of larceny and related offenses, then our courts must faithfully adhere to the scheme set forth in the new code.

Section 3902 was designed to prevent overly technical attacks on the streamlined concept of "theft."[4] For example, failure to indict for fraudulent conversion could lead to discharge of one charged with larceny. See, e.g., *Commonwealth v. Von Foerster*, 79 Pa. Superior Ct. 174 (1922). Such technical maneuvering was not in the interest of justice. Section 3902 also avoids the constitutional infirmity that might arise if a defendant were not placed on fair notice of what specific type of theft the Commonwealth intended to prove: the court may grant a continuance or other relief if the defendant lacks such notice.

In the instant case, I find no prejudice to appellant. He was charged with Theft by Unlawful Taking or Disposition; the evidence was ample that he "retain[ed] . . . movable property of another knowing that it ha[d] been stolen. . . ." Appellant may not successfully defend against a charge of theft, as he attempts to do now, by asserting that the Commonwealth proved that he was guilty of theft by receiving stolen property, but that he was only charged with theft by unlawful taking or disposition.

SPAETH, J., joins in this concurring opinion.

---

4. See, generally, *Theft and Related Offenses in the New Pennsylvania Crimes Code: A New Concept in Property Offenses*, supra at 46-49.