445 A.2d 798

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James LEWIS, Appellee.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**William WALSTON, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 5, 1981.

Filed May 14, 1982.

Petition for Allowance of Appeal Denied Aug. 23, 1982.

Petition for Allowance of Appeal Denied Sept. 23, 1982.

368

Vram Nedurian, Jr., Deputy District Attorney, Media, for Commonwealth, appellant.

Andrew J. D'Amico, Media, for Lewis, appellee in No. 1185.

David Breen, Woodlyn, for Walston, appellee in No. 1186.

Before PRICE, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

In this juvenile proceeding, the trial court sustained demurrers and dismissed criminal complaints alleging robbery and theft by unlawful taking because the Commonwealth's evidence showed only theft by receiving stolen property. We reverse.

James Lewis and William Walston, together with Lloyd Rochester and Ronald Walston, were arrested and charged with homicide, robbery, aggravated assault, theft by unlawful taking and conspiracy in connection with a mugging in Chester, Delaware County. The charges against James Lewis and William Walston, the appellees herein, were subsequently transferred for disposition to the Juvenile Division. At the conclusion of the Commonwealth's case, the hearing court sustained demurrers to all charges, holding that the Commonwealth's evidence was sufficient to show only theft by receiving stolen property. The Commonwealth appealed.

An order sustaining a demurrer to the Commonwealth's evidence is appealable. Such an order presents a legal issue and not a factual one. *Commonwealth v. Long,* 467 Pa. 98, 354 A.2d 569 (1976); *Commonwealth v. Melton,* 402 Pa. 628, 168 A.2d 328 (1961); *Commonwealth v. Danchision,* 270 Pa. Superior Ct. 112, 410 A.2d 1274 (1979); *Commonwealth v. Green,* 210 Pa. Superior Ct. 482, 233 A.2d 921 (1967). "On appeal the proper test to apply in determining the validity of a demurrer is whether the evidence of record and the inferences reasonably drawn therefrom would support a verdict of guilty.... In making such determination

we must read the evidence in the light most favorable to the Commonwealth's case." *Commonwealth v. Green,* supra, 210 Pa.Super. at 484, 233 A.2d at 922.

So construed, the evidence presented at the adjudicatory hearing established the following. The victim, John McGinn, was attacked by several black youths while walking to work at the Atlantic Steel Company in Chester on the evening of December 26, 1979. His wallet was taken by his attackers, who quickly fled from the scene. Although there were several witnesses to the incident, none were able to identify the appellees as being among the assailants. However, there was testimony that shortly after the incident, appellees and their two companions, Lloyd Rochester and Ronald Walston, returned to the home of the appellee, William Walston. Rochester carried McGinn's wallet and announced a successful mugging. The four men, including appellees, thereafter divided money removed from the wallet. The wallet was later found on a trash pile near the Walston home. McGinn, the victim, was hospitalized as a result of injuries received in the incident and subsequently died.

■ On appeal, the Commonwealth argues that it was error to sustain demurrers to delinquency charges where, as here, there was evidence that moneys taken from the mugging victim had been distributed in part to appellees, who had knowledge of its source.[1] The hearing judge conceded that the Commonwealth's evidence was sufficient to permit a finding of theft by receiving stolen property but sustained appellees' demurrers because theft by receiving stolen property had not been specifically charged.

1. The Commonwealth has not argued the sufficiency of the evidence to establish prima facie that appellees participated in the actual mugging. We observe, however, that there was evidence that immediately prior to the incident, while numerous persons were gathered in the Walston home, an announcement was made that a white man was walking down the street. Thereupon, appellees and two other youths left the home. They returned a short time later, breathing fast, with the victim's wallet. One of them announced, "We just iced the mother fucker;" whereupon, the four divided the money which had been removed from the wallet.

Section 3925(a) of the Crimes Code, 18 Pa.C.S. § 3925(a) provides: "A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." The evidence presented by the Commonwealth, if believed, was sufficient to show a violation of this section.

That evidence could properly be received by the hearing court. Moreover, the Commonwealth was entitled to have it considered by the court despite the fact that the petition had charged theft by unlawful taking. Section 3902 of the Crimes Code, 18 Pa.C.S. § 3902, is very clear. It provides:

Conduct denominated theft in this chapter constitutes a single offense. An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the complaint or indictment, subject only to the power of the court to ensure fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise.

This statute means that a specific charge of theft will permit evidence showing another type of theft; provided only, that the defendant must be given adequate opportunity to respond so that he or she will not be prejudiced or surprised. *See Commonwealth v. Morin*, 237 Pa. Superior Ct. 533, 541–2 n.3, 352 A.2d 189, 193 n.3 (1975), *rev'd on other grounds*, 477 Pa. 80, 383 A.2d 832 (1978). *See also Commonwealth v. Adams*, 236 Pa. Superior Ct. 534, 345 A.2d 192 (1975) (Concurring Opinion by Hoffman, J.), *aff'd*, 479 Pa. 508, 388 A.2d 1046 (1978). It has also been held that because theft is a lesser included offense of robbery, an indictment charging robbery will support evidence of theft committed in any manner specified in the chapter of the

Crimes Code which defines the several offenses of theft.[2] *See Commonwealth v. Stevens*, 237 Pa. Superior Ct. 457, 465–66, 352 A.2d 509, 513–14 (1975).

We conclude, therefore, that the court below erred when, despite prima facie evidence of theft by receiving stolen property, it sustained appellees' demurrers to charges of delinquency.

Reversed and remanded.