488 A.2d 29

**COMMONWEALTH of Pennsylvania**

**v.**

**Alfred PEDUZZI, III, Appellant.**

Superior Court of Pennsylvania.

Submitted March 27, 1984.

Filed Feb. 8, 1985.

552

Robert D. Kodak, Harrisburg, for appellant.

John M. Eakin, District Attorney, Carlisle, for Commonwealth, appellee.

Before BROSKY, WIEAND and McEWEN, JJ.

WIEAND, Judge:

Alfred Peduzzi, III, was tried nonjury and was found guilty of theft by failure to make required disposition of borrowed money. After post-trial motions had been filed and argued, the trial court concluded that the evidence did not support the conviction. Instead of discharging Peduzzi, however, the trial court amended its verdict and found Peduzzi guilty of theft by deception. Peduzzi was subsequently sentenced on this conviction and thereafter appealed. We reverse.

In the first place, the trial court's procedure was defective. Appellant had not been charged with the crime of theft by deception and had not been tried for that offense. Informations filed to Nos. 941 to 946 of 1980 charged that Alfred Peduzzi, III had used funds loaned to him by others for purposes other than the purposes for which the loans had been made, allegedly in violation of 18 Pa.C.S. § 3927. After all the evidence had been received,[1] the trial court found Peduzzi guilty in a verdict recorded as follows:

---

1. It is incorrect that a consolidation of theft offenses occurred at the demurrer stage of the trial and that the case was thereafter tried as though there were a charge of theft by deception. The trial transcript

"AND NOW, March 2, 1981, at 4:25 p.m., after hearing and careful consideration of the evidence, *the court finds the defendant guilty on each charge in the informations*, as presented by the District Attorney. Bail to remain as heretofore set." (Emphasis added.)[2]

■ This verdict was unambiguous. Peduzzi had been found guilty of theft by failure to make required disposition of the moneys which he had borrowed. The trial court subsequently concluded that the evidence was insufficient to establish offenses of theft by failure to make required disposition as defined at 18 Pa.C.S. § 3927.[3] In view of this determination, Peduzzi should have been discharged. Instead, the court belatedly found him guilty of another offense.

■ To alter the verdict after trial so as to find appellant guilty of a new and different offense, without any notice or opportunity to be heard, was error. Contrary to the trial

discloses that the following occurred when the defense demurred to the evidence:

> MR. KODAK: Your Honor, I have a memorandum in support of demurrer I'd like to make at this time for the prosecution's case.
> THE COURT: Do you have a copy of this, Mr. Eakin?
> MR. EAKIN: Yes, sir.
> THE COURT: Any oral argument you want to make?
> MR. KODAK: Yes, Your Honor, I'd request a few moments of your time.
> (Thereupon, counsel made their arguments to the court. A brief recess was held at this time.)
> THE COURT: For purposes of demurrer, Mr. Kodak, I'm overruling your demurrer. If you want to proceed.
> MR. KODAK: Yes, Your Honor. I'm going to call Mr. Peduzzi. Whereupon,
> ALFRED PEDUZZI, III
> having been duly sworn according to law, testified as follows:
> . . . .

2. Although the record discloses that a brief discussion regarding a possible consolidation of theft offenses occurred at the conclusion of the trial, the court's verdict is clear that appellant was found guilty of the offenses charged in the information.

3. The correctness of this conclusion is not now before us, and with respect thereto we express no opinion. See generally: *Commonwealth v. Coward*, 330 Pa.Super. 122, 478 A.2d 1384 (1984); *Commonwealth v. Austin*, 258 Pa.Super. 461, 393 A.2d 36 (1978). See also: *Commonwealth v. Bartello*, 225 Pa.Super. 277, 301 A.2d 885 (1973).

court's belief, 18 Pa.C.S. § 3902 does not sanction such a procedure. See: *Commonwealth v. Lewis,* 299 Pa.Super. 367, 371, 445 A.2d 798, 800 (1982). Cf. *Commonwealth v. Morin,* 237 Pa.Super. 533, 542–543, 352 A.2d 189, 194 (1975) (Spaeth, J. concurring), *rev'd on other grounds,* 477 Pa. 80, 383 A.2d 832 (1978). Section 3902 of the Crimes Code was intended to allow the Commonwealth to introduce evidence at trial of any form of theft regardless of the form of theft charged but subject to the defendant's right to fair notice and an opportunity to defend. *Commonwealth v. Lewis, supra;* Comment, *Theft And Related Offenses In The New Pennsylvania Crimes Code: A New Concept In Property Offenses,* 78 Dick.L.R. 44, 48 (1973–1974). See also: *Commonwealth v. Adams,* 236 Pa.Super. 534, 345 A.2d 192 (1975) (Hoffman, J. concurring). The consolidation contemplated by section 3902 must occur prior to, not after, a verdict has been returned and recorded. The court cannot amend a verdict post-trial so as to find the defendant guilty of a new and different offense than the one for which he was tried. The sentence imposed for theft by deception, therefore, was improper.

■ The evidence, moreover, was insufficient to show that appellant had committed the crime of theft by deception. "The test of the sufficiency of the evidence in a criminal case is whether, viewing all the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences in the Commonwealth's favor, there is sufficient evidence to enable the trier of fact to find every element of the [crime] charged beyond a reasonable doubt." *Commonwealth v. Carter,* 329 Pa.Super. 490, 495–496, 478 A.2d 1286, 1288 (1984).

Peduzzi was an unorthodox, perhaps even incompetent, businessman who found it necessary to borrow frequently. His practice was to borrow significant sums of money at excessive rates of interest for relatively brief periods of time. On prior occasions, his loans had usually been repaid with interest. The charges of theft by failure to make required disposition in the instant case were filed against

Peduzzi when he failed to repay moneys borrowed from six persons in the total amount of $67,500.00.

The crime of theft by deception is defined by statute as follows:

(a) Offense defined.—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

(2) prevents another from acquiring information which would affect his judgment of a transaction; or

(3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

(b) Exception.—The term "deceive" does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed.

18 Pa.C.S. § 3922. The moneys of other persons in these cases were expressly obtained by appellant in the form of loans. To be guilty of theft by deception, therefore, it was essential that appellant obtain the loans by deception intending not to repay the moneys borrowed. Cf. *Commonwealth v. Gallo*, 473 Pa. 186, 373 A.2d 1109 (1977); *Commonwealth v. Bentley*, 302 Pa.Super. 264, 448 A.2d 628 (1982). His intention not to repay the loans at the time the moneys changed hands was a matter of proof. It could not be inferred from the fact alone that he was unable subsequently to repay the moneys. 18 Pa.C.S. § 3922(a)(1).

Peduzzi, according to the evidence, had represented to his lenders that he required money to purchase inventory for his automotive parts store. He had said that he wanted to purchase spark plugs, spark plug wires and oil filters and

that he could get them for a good price. Although he went into bankruptcy after repaying only $2,700.00 of the moneys borrowed, there was no evidence that Peduzzi had intended to defraud his lenders at the time when he borrowed from them. There was no evidence that he had deceived his lenders or that he did not intend to repay the loans.

The Commonwealth did not prove that Peduzzi had failed to purchase spark plugs. It proved, instead, certain statements made by Peduzzi to the effect that the purchased spark plugs had been defective and without salvage value. Peduzzi testified in his own behalf and said that ninety percent of the spark plugs had been cracked and were so defective as to have no value. He assumed that they had "been in a wreck." He also testified that some money had been used to pay outstanding debts and to help his family. When his financial structure appeared to be collapsing around him, he tried to recoup his losses at the track. Instead of improving his financial outlook, he lost what he did have.

The trial court did not believe Peduzzi's explanation regarding the spark plugs. The court found that his testimony concerning the purchase of spark plugs was incredible. Therefore, concluded the court,

"*it follows that his representations to each of the complainants were false.* Peduzzi created a false impression in the minds of the complainants as to what he intended to do with their money and the repayment of their funds. By means of this deception he obtained the complainants' money. In addition, by informing complainants that he was unable to dispose of the plugs and had not received payment from his customers, Peduzzi withheld the property by reinforcing the false impression previously created. *This Court finds that Peduzzi had no intention of purchasing auto parts or returning the funds. The facts he asserted were false and by means of these assertions he obtained and withheld complainants' property.* We thus find the evidence sufficient to estab-

lish the elements of a § 3922 violation and to sustain a conviction for the crime of theft by deception."

Trial court opinion at 16–17 (emphasis added). This was error. The fact that the court disbelieved appellant's explanation with respect to spark plugs did not relieve the Commonwealth from its burden of proving each and every element of the crime charged beyond a reasonable doubt. This burden never shifted from the Commonwealth. See: *Commonwealth v. Clinton*, 391 Pa. 212, 216, 137 A.2d 463, 465 (1958) (accused is not required to explain anything, the Commonwealth must prove guilt); *Commonwealth v. Darush*, 256 Pa.Super. 344, 349, 389 A.2d 1156, 1158 (1978) (Commonwealth has never shifting burden of proving all elements of the charged offense). In fact, the Commonwealth did not offer any evidence that Peduzzi had failed to purchase spark plugs. The fact that the trial court did not believe the explanation offered by appellant for his losses was not a substitute for proof. If the appellant was a liar, as the court found, it did not necessarily follow that he was also a thief. The fact finder's disbelief of appellant's testimony did not relieve the Commonwealth of its burden of proving that he had committed a theft.

Not only was there no evidence that appellant had failed to purchase spark plugs with the borrowed money, but there also was no evidence from which it could be inferred that he had intended to defraud his lenders. The Commonwealth failed to show that Peduzzi had entered anything other than bona fide loan transactions. On prior occasions when Peduzzi had similarly borrowed money, the loans had been repaid, usually with interest. The loan of $25,000.00 made by William Rowe was evidenced by a note signed by Peduzzi for $30,000.00 (this included agreed interest of $5,000.00). John McKeehan, who loaned Peduzzi $22,-000.00, took in return a note signed by Peduzzi and was also given the title to Peduzzi's Cadillac automobile to hold. McKeehan had frequently loaned money to Peduzzi on prior occasions; all prior loans had been for short terms and most of them had been repaid, frequently with "pretty hefty"

interest. Earl Windermaker and his nephew, Jeff Davis, loaned Peduzzi the combined sum of $12,000.00. They took in exchange a note for $13,500.00 and also a check in the same amount (the loan was to be for five or six days, and each lender was to be paid interest of $750.00). The sum of $1,500.00 was subsequently repaid by Peduzzi in order to obtain an extension of the agreed due date. William G. Miller, who loaned Peduzzi $6,000.00 also received a note and a check in repayment. The check was for $7,000.00. A week later Peduzzi repaid $200.00. The check, however, was uncollectible. George Plough loaned appellant $2,500.00. He received both a note and a check in the amount of $3,300.00. These lenders conceded that the loans had been made primarily because of Peduzzi's promise to pay interest and not because Peduzzi wished to buy spark plugs at a good price. The evidence did not show whether the notes, when given, had value or whether they were collectible from appellant's business or personal assets. The Commonwealth's failure to prove that appellant did not intend to repay the moneys borrowed is understandable. The charges which it brought and the proof which it submitted suggested a belief that appellant had committed an offense merely because he had failed to make a required disposition of the borrowed moneys.

Although one can speculate about the number of transactions, the simple fact is that the Commonwealth failed to prove that Peduzzi had committed a crime. The trial court set aside a finding of guilt of theft by failing to make required disposition; and our review of the record fails to disclose either an intent to defraud or an intentional misrepresentation of the purposes for which the moneys were being borrowed.

For these reasons we reverse. Appellant was neither charged with nor tried for theft by deception. He could not be found guilty of theft by deception without notice and an opportunity to be heard. The evidence presented during a trial on charges of theft by failure to make required disposi-

tion, moreover, was insufficient to establish that appellant had committed the crime of theft by deception.

The judgment of sentence is reversed, and appellant is discharged.

McEWEN, J., files a concurring opinion.

McEWEN, Judge, concurring:

I concur in the result of the very thoughtful opinion of our eminent colleague Judge Donald E. Wieand since I share the view that a court may not, after a verdict of guilty of the type of theft for which he was tried, determine the defendant was guilty of a different type of theft. However, as careful and persuasive as are the views expressed in that opinion upon the nature of the proof of the crime of theft by deception, I cannot agree that the Commonwealth must assume the burden that the lead opinion would impose in order to convict an accused of that charge.