## Commonwealth v. Hermesky

*Scott Smith, assistant district attorney,* for the Commonwealth.

*J. Randall Miller,* for defendant.

SMITH, *J.,* November 1, 1985—On the morning of January 13, 1985, Dan Carracciolo, Sr., the proprietor of Mountain City Junk Yard, located at 708 22nd Street, Altoona, Pa., came to his place of business and noticed that several crushed aluminum cubes were missing. Defendant Gary L. Hermesky, with two other persons later tried as co-defendants, was arrested later that same day when he attempted to sell four crushed aluminum cubes at Danny's Metal's, 1430 Pleasant Valley Boulevard, a scrapyard operated by Dan Carracciolo, Jr. Dan Carracciolo, Jr., recognized the cubes as those he had made for his father and summoned the police.

This matter comes before the court on defendant Gary L. Hermesky's motion for arrest of judgment, filed pursuant to Pa.R.Crim.P. 1123. A jury found defendant Hermesky guilty of theft of property lost, mislaid or delivered by mistake, 18 Pa.C.S. §3924, and not guilty of conspiracy to commit theft, 18 Pa.C.S. §903. Hermesky's motion in arrest of judgment challenges the admission at trial of certain evidence, and further claims that the evidence failed to prove beyond a reasonable doubt that Hermesky was guilty of theft of property lost, mislaid or delivered by mistake.

Defendant's motion for arrest of judgment admits, for purposes of our decision, all facts which the Commonwealth's evidence tends to prove. Commonwealth v. Rawles, 501 Pa. 514, 462 A.2d 619 (1983); Commonwealth v. Sample, 321 Pa. Super. 457, 468 A.2d 799 (1983). The evidence must be examined in the light most favorable to the Commonwealth. Commonwealth v. Alvarado, 333 Pa.

Super. 63, 481 A.2d 1223 (1984). The evidence so viewed must prove every element of the crime beyond a reasonable doubt. Commonwealth v. Leatherbury 322 Pa. Super. 222, 469 A.2d 263 (1983).

Defendant argues that the Commonwealth's evidence may support proof of a charge of Theft by Unlawful Taking, 18 Pa.C.S. §3921, or Theft by Receiving Stolen Property, 18 Pa.C.S. §3925, but is wholly irrelevant to proof of theft of property lost, mislaid or delivered by mistake. Therefore, Hermesky continues, its admission was error and the evidence relevant to the charge of theft of property lost, mislaid or delivered by mistake was insufficient to prove the crime beyond a reasonable doubt.

Defendant Hermesky's argument that the admission of evidence tending to prove theft by unlawful taking or receiving stolen property was erroneous is disposed of by 18 Pa.C.S. §3902, titled Consolidation of Theft Offenses:

"Conduct denominated theft in this chapter constitutes a single offense. *An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter,* notwithstanding the specification of a different manner in the complaint or indictment, subject only to the power of the court to ensure fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or surprise." (Emphasis added.)

Hermesky contends that this provision is superseded by Pa.R.Crim.P. 225(d), promulgated pursuant to the Supreme Court's power to regulate criminal practice and procedure granted by Pa. Const. Art. V §10(c). Rule 225(d) provides:

"In all court cases tried on an information the issues at trial shall be defined by such information." Because the information charged only theft of property lost, mislaid or delivered by mistake, Hermesky urges this court that Rule 225(d) bars evidence of other types of theft, notwithstanding 18 Pa.C.S. §3902. We disagree.

We construe 18 Pa.C.S. §3902 as a purely evidentiary provision, and not in conflict with Rule 225(d). The function of section 3902 is to permit evidence that theft was committed in some manner to be presented to a jury without defendant interposing the specious defense that the evidence is irrelevant because he committed theft in a different manner. Commonwealth v. Lewis, 299 Pa. Super. 367, 445 A.2d 798, 800 (1982). See also Commonwealth v. Adams, 236 Pa. Super. 534, 345 A.2d 192, 194 (1975) (concurring opinion of Hoffman, J.), aff'd 479 Pa. 508, 388 A.2d 1046 (1978). Rule 225(d), on the other hand, makes explicit the requirement that a defendant be fairly apprised of the charges that he faces: the purpose of the information is to notify a defendant of the charge he has to meet. Commonwealth v. McIntosh, 328 Pa. Super. 255, 476 A.2d 1316 (1984). Rule 225(d) ensures that a defendant may not be tried and convicted of offenses not charged in the information. See Commonwealth v. Schilling, 288 Pa. Super. 359, 431 A.2d 1088, 1092 (1981).

Section 3902, then, puts a defendant on notice that if he is charged with theft under any of the provisions of Chapter 39 of Title 18, he may have to face evidence establishing the manner of theft under any other provision of that chapter. Cf. Commonwealth v. Green, 488 Pa. 611, 413 A.2d 651 (1981) (evidence of commission of offenses not

charged in information generally not admissible); Commonwealth v. Lee, 297 Pa. Super. 216, 443 A.2d 804 (1982).

Hermesky argues that even if the evidence admitted at trial is considered most favorably to the Commonwealth, the charge of theft of property lost, mislaid, or delivered by mistake was not proved. The Commonwealth contradicts this position, and claims further that the evidence presented warranted a jury instruction on theft by unlawful taking.[1]

Turning to Hermesky's contentions, we believe that the evidence presented is sufficient to prove the charge of theft of property lost, mislaid or delivered by mistake. 18 Pa.C.S. §3924 requires proof of the following elements:

"(1) that defendant came into control of property of another;

(2) that defendant knew that the property had been lost, mislaid, or misdelivered;

(3) that defendant intended to deprive the owner of the property, and;

(4) with that intent, defendant failed to take reasonable efforts to return the property."

The Commonwealth's evidence, properly admitted under 18 Pa.C.S. §3902, tended to show that the property in Hermesky's control, four crushed aluminum cubes, had been stolen from Mountain City Junk rather than lost, mislaid or misdelivered,

---

1. The Commonwealth had attempted, at the beginning of trial, to amend the information to charge theft by receiving stolen property. This was denied as untimely. See Commonwealth v. Laird, C.A. 360 Blair County 1985 (September 19, 1985) slip opinion at 9, and cases cited therein, slip opinion at 4 - 7, for an analysis of factors relevant to amendment of informations.

and further, that Hermesky had been the one who took them. We believe that because the evidence was sufficient to prove theft by unlawful taking, 18 Pa.C.S. §3921, the evidence was sufficient to prove theft of property lost, mislaid or delivered by mistake.[2]

We conclude that the Commonwealth's evidence of theft under 18 Pa.C.S. §3921, theft by unlawful taking, was sufficient viewed in a light most favorable to the Commonwealth to sustain a verdict of guilty of theft of property lost, mislaid or delivered by mistake under 18 Pa.C.S. §3924, because the latter offense is merely an included offense of the former offense. It is well settled that a defendant can be convicted of lesser included offenses of crimes charged in an information. Commonwealth v. Soudani, 398 Pa. 546, 159 A.2d 687, cert. den. 364

---

2. This conclusion implies that we should have granted the Commonwealth's motion, at the end of trial, for a jury instruction on the elements of theft by unlawful taking. Commonwealth v. Peduzzi, 338 Pa. Super. 531, 488 A.2d 29 (1985), held that a trial court could not amend a verdict of guilty of theft by failure to make required disposition of funds, 18 Pa.C.S. §3922, post-trial, to find defendant guilty of theft by deception, 18 Pa.C.S. §3922, an offense for which defendant had not been tried. The court stated that "[t]he consolidation contemplated by [18 Pa.C.S. §] 3902 must occur prior to, not after, a verdict has been recorded." Id., 488 A.2d at 31. We feel that position is consistent with our interpretation of section 3902 as purely evidentiary in nature, see id., and do not interpret the Superior Court's holding to mean that the Commonwealth may request a change in the charge or the theory of its case before the verdict, but after the presentation of the evidence. See Commonwealth v. Taylor, 324 Pa. Super. 420, 471 A.2d 1228, 1233 (1984). In the instant case, however the Commonwealth's theory from start to finish was that Hermesky and his codefendants took the aluminum cubes from Mountain City Junk and attempted to pass them off as lost.

U.S. 886 (1960); Commonwealth v. Schilling, supra, 431 A.2d at 1092; Commonwealth v. Ackerman, 239 Pa. Super. 187, 361 A.2d 746 (1976). See also Commonwealth v. Fierst, 257 Pa. Super. 440, 390 A.2d 1318 (1978); Commonwealth v. Scott, 18 D.&C.3d 328, 334-36 (1981).

We do not go as far as the Superior Court panel in Commonwealth v. Robichow, 338 Pa. Super. 348, 487 A.2d 1000, 1004 (1985), which stated that "proof of theft, per se, is sufficient to establish the commission of the crime," but rather follow the analysis of the panel in Commonwealth v. Pemberth, 339 Pa. Super. 428, 489 A.2d 235 (1985). Pemberth held that, although a defendant may be convicted of an offense not charged in the information or indictment, it must be a lesser included offense. The Pemberth court reversed a conviction for Unauthorized Use of a Motor Vehicle, 18 Pa.C.S. §3928, where defendant had been charged with Theft by Unlawful Taking, 18 Pa.C.S. §3921, and Theft by Receiving Stolen Property, 18 Pa.C.S. §3925, because the charge of unauthorized use was not "necessarily involved" in the two charges of theft. Id., 489 A.2d at 236. The majority in Robichow, supra, 487 A.2d at 1002, n.1, implicitly followed this analysis in comparing theft by deception, 18 Pa.C.S. §3922, and theft by failure to make required disposition, 18 Pa.C.S. §3927. Lewis, supra, which held that evidence of theft by receiving stolen property, 18 Pa.C.S. §3925, could support a conviction of that offense when the offense charged was theft by unlawful taking, 18 Pa.C.S. §3921, and Commonwealth v. Shaffer, 279 Pa. Super. 18, 420 A.2d 722, 727, n.2 (1980), which held that "misappropriation of property will almost always be proscribed by both section 3921 and section 3925," are even stronger examples of the principle

that proof of theft under one charge will support conviction under not all charges of theft, but under all charges of theft *which necessarily involve the same conduct.* Accord, Peduzzi, supra (evidence insufficient to prove theft under 18 Pa.C.S. §3927, theft by failure to make required disposition of funds also insufficient to prove theft by deception, 18 Pa.C.S. §3922).

In the instant case theft of property lost, mislaid or delivered by mistake, 18 Pa.C.S. §3924, was charged and a guilty verdict returned. The evidence considered in a light most favorable to the Commonwealth, was sufficient to prove theft by unlawful taking, 18 Pa.C.S. §3921. The only difference in the elements of the two offenses is that in theft by unlawful taking, defendant takes an active part in the misappropriation of the property, whereas in theft of property lost, mislaid or delivered by mistake, defendant comes into control of property knowing that the property is lost, mislaid or misdelivered. Since proof that defendant actually took the aluminum cubes ineluctably leads to the conclusion that defendant knew the property was not his, the theft by unlawful taking offense included all the elements of theft of property lost, mislaid or delivered by mistake. Anything else would allow a defendant refuge in technicalities which the Crimes Code was designed to prevent. See Adams, supra (concurrence of Hoffman, J.).

Defendant cites[3] Commonwealth v. Kinsey, 249 Pa. Super. 1; 375 A.2d 727 (1977), and Commonwealth v. Vozelli, 217 Pa. Super. 18, 268 A.2d 132 (1970), to support his argument that the evidence is

---

3. We commend counsel for defendant on his thorough and well-reasoned discussion of the appellate authorities relevant to this matter.

insufficient to prove a theft of property. However, unlike those two cases, in this case there was a positive identification of the cubes, amply supported by the experience of the witnesses for the Commonwealth as belonging to Mountain City Junk Yard, and furthermore, the proprietor, Dan Carracciolo, Sr., could positively say that several cubes were missing from a well-ordered stack.[4] In Kinsey, supra, the failure to identify the allegedly stolen goods proved fatal; in Vozelli, evidence that goods had actually been taken was missing. The Commonwealth presented sufficient evidence on both those points to enable a jury to find beyond a reasonable doubt that a theft had taken place. Additionally, the Commonwealth presented evidence which would allow a jury, if it considered the evidence in a light favorable to the Commonwealth, to conclude that it was defendant who took the aluminum cubes.

## ORDER

And now, this November 1, 1985, defendant's motion in arrest of judgment is denied. It is further ordered, directed and decreed that a presentence investigation of defendant be carried out for purposes of sentencing by the Blair County Adult Parole and Probation Office. Upon completion of this report, the Court Administrator of Blair County shall set a date certain for sentencing. Bail shall be continued at its current level.

---

4. Contrary to defendant's argument, see defendant's brief at 26, that the stack of cubes was 13 to 15 feet high, the testimony indicated that the approximately 311 cubes were stacked 10 wide by 10 deep and approximately three high, which is approximately four feet high.