577 A.2d 200

**COMMONWEALTH of Pennsylvania**

v.

**Thomas J. MARTIN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 26, 1990.

Filed June 29, 1990.

246.

John E. Jones, Pottsville, for appellant.

Jacqueline L. Russell, Asst. Dist. Atty., Pottsville, for Com., appellee.

Before CAVANAUGH, BECK and HUDOCK, JJ.

BECK, Judge.

The issue in this case is whether under the statute consolidating the various theft offenses, 18 Pa.Cons.Stat. Ann. § 3902 (Purdon 1983), the Commonwealth is required to give notice to the defendant as to the specific provision of the theft statute under which it intends to seek a guilty verdict where the specific theft offense charged is different from the one the Commonwealth is attempting to establish at trial.

In this case appellant was found guilty by a jury of theft of property lost, mislaid, or delivered by mistake,[1] of driving under the influence,[2] and escape.[3] We reverse the judgment of sentence on the charge of theft. On all other charges, we affirm.

At approximately 7:30 p.m. on November 24, 1988, Pennsylvania State Trooper Stackhouse was on road patrol. She observed a vehicle whose wheels were screeching, and followed it. As the Trooper followed, she observed the vehicle make a turn without signalling, and swerve into the opposite lane on five occasions by a distance of about three or four feet. The driver of the car pulled over, at which time the Trooper activated the dome light on top of her car and pulled over in front of the vehicle. Appellant got out of the car. Trooper Stackhouse told him over her public address system to get back into the car, which he did.

1. 18 Pa.Cons.Stat.Ann. § 3924 (Purdon 1983).
2. 75 Pa.Cons.Stat.Ann. § 3731 (Purdon Supp.1989).
3. 18 Pa.Cons.Stat.Ann. § 5121 (Purdon 1983).

Appellant then produced a driver's license that was issued to Kevin McDonald. The Trooper testified that the likeness on the driver's license resembled appellant, and she thought at the time that appellant was Kevin McDonald. Appellant also produced a vehicle registration card that showed that the car was owned by Shirley See, the passenger.

Trooper Stackhouse saw two beer cans on the floor of the car, and smelled a strong odor of alcohol on appellant. She therefore requested that he exit the vehicle and perform two field sobriety tests. When appellant failed to perform satisfactorily on both tests, Trooper Stackhouse informed him that he was under arrest. At this time, appellant became belligerent and refused to follow the Trooper to her car. Appellant shoved her slightly, then calmed down. When Trooper Stackhouse attempted to handcuff him, however, he ran for his car. The Trooper ordered him to exit the vehicle. Appellant alighted from the car and ran down the road. The Trooper followed him a short distance in her car, then observed him run into the woods. Unable to locate him, she called for assistance.

At that time, Trooper Stackhouse thought she was pursuing Kevin McDonald. She therefore requested another officer to go to the address on the driver's license and bring in McDonald. McDonald reported that he was not the driver of the vehicle in question and that his driver's license had been stolen in July of 1988. McDonald's fiance, Holly Hochgertel, testified that McDonald's wallet, which contained his driver's license, was stolen from her car on July 26, 1988.

Officer Edward Terefencko of the Pottsville Police Department responded to Trooper Stackhouse's call for assistance. When the Trooper described appellant, especially a recent injury to his eye, and appellant's companion, Officer Terefencko suggested that the fugitive was actually appellant Thomas Martin. Trooper Stackhouse later identified appellant from a photograph as the person she was pursuing. Appellant was ultimately apprehended and brought to trial on May 4, 1989.

■ As to Kevin McDonald's license, appellant was charged with theft of property lost, mislaid or delivered by mistake. 18 Pa.Cons.Stat.Ann. § 3924 (Purdon 1983). It is clear from the record that the Commonwealth failed to prove beyond a reasonable doubt that appellant knew that the driver's license had been lost, mislaid, or delivered by mistake. Instead the Commonwealth attempted to prove that appellant was guilty of receiving stolen property.[4] The Commonwealth argues, and the trial judge agrees, that under section 3902 of the Crimes Code, regardless of the specific theft provision charged, the Commonwealth can prevail if it proves beyond a reasonable doubt the elements of any of the theft offenses defined in Chapter 39 of the Crimes Code, "Theft and Related Offenses," so long as the defendant is not prejudiced by lack of fair notice or surprise. The trial judge found that even though the Commonwealth failed to prove the specific elements of section 3924, theft of property lost, mislaid or delivered by mistake, the Commonwealth met its burden because the Commonwealth proved the elements of another section of the theft chapter, namely section 3925, receiving stolen property.

The court in declining to arrest judgment suggested that appellant was not "prejudiced by lack of fair notice or surprise" under section 3902, and added, "the [appellant] made no objection at trial to the Commonwealth's evidence regarding the theft of the driver's license found in his possession; nor did he assert any prejudice or request a continuance after the introduction of such evidence." Trial Court Op. at 4. We disagree with the trial court's application of section 3902, and reverse judgment of sentence on the charge of theft of property lost, mislaid or delivered by mistake.

The issue in this case focuses on section 3902 which provides:

> Conduct denominated as theft in this chapter constitutes a single offense. An accusation of theft may be supported by evidence that it was committed in any

---

4. 18 Pa.Cons.Stat.Ann. § 3925 (Purdon 1983).

manner that would be theft under this chapter, notwithstanding the specification of a different manner in the complaint or indictment, subject only to the power of the court to ensure fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or surprise.

Section 3902 is unique in the criminal law. It was made part of the Crimes Code chapter dealing with theft and related offenses to consolidate the different varieties of theft into a single, comprehensive theft offense. The purpose of the statute is to avoid the types of technicalities that once distinguished different types of theft such as larceny, extortion, embezzlement, receiving stolen property, and the like. *Commonwealth v. Rosenzweig*, 514 Pa. 111, 121–23, 522 A.2d 1088, 1094 (1987); *Lowry v. State Farm Insurance Companies*, 392 Pa.Super 77, 87–89, 572 A.2d 700, 705–06 (1990); *Commonwealth v. Adams*, 236 Pa.Super. 534, 345 A.2d 192 (1975) (Hoffman, J., concurring). These criminal offenses retain separate definitions, but are subsumed by section 3902 into a unitary theft offense. *See* Burkhoff, *Criminal Offenses and Defenses in Pennsylvania (2d ed.)*, 449–50 (1989).

An Historical Note following the statute tells us that it was adopted from a similar section in the Model Penal Code. The drafters of the Model Penal Code note that

> "[t]he purpose of consolidation … is not to avoid the need to confront substantive difficulties in the definition of theft offenses. The appropriate objective is to avoid procedural problems.... The real problem arises from a defendant's claim that he did not misappropriate the property by the means alleged but in fact misappropriated the property by some other [illegal] means...."

Model Penal Code § 223.1(1), revised Commentary at 127–28 (1980). Thus, in order to prevent a charge based on one method of unlawfully obtaining property from being defeated by the defense that the property was acquired by a different unlawful method, the statute allows the Commonwealth to introduce evidence at trial of any form of theft

regardless of the form of theft charged, but always subject to the defendant's right to fair notice and an opportunity to defend. *Id.; see also Commonwealth v. Peduzzi*, 338 Pa.Super 551, 553–55, 488 A.2d 29, 31 (1985); *Commonwealth v. Lewis*, 299 Pa.Super. 367, 370–72, 445 A.2d 798, 800 (1985).

In the case sub judice, section 3902 would permit a conviction of the original charge of theft of property lost, mislaid or delivered by mistake under section 3924, based on evidence that proves theft under section 3925, receiving stolen property, provided the appellant was not prejudiced by lack of fair notice or surprise. The trial court was correct in asserting that a verdict based on proof of section 3925 is valid even though appellant was charged under section 3924. However, we can not end our review of the trial court's decision without inquiring whether appellant was prejudiced by lack of fair notice or surprise.

Section 3902 requires that the court ensure the defendant a fair trial and the court take appropriate action "where the conduct of the defense would be prejudiced by lack of fair notice or surprise." In this case appellant was not informed at any point during the trial that the Commonwealth intended to prove theft by receiving stolen property and not theft by property lost, mislaid, or delivered by mistake. The trial judge asserts that the appellant had proper notice, and that it was provided when the Commonwealth introduced evidence that the driver's license was stolen. The trial judge also noted that appellant did not object to the admission of this evidence, request a continuance after its introduction, or assert any prejudice thereby. We decline to hold that the mere admission of evidence without objection, that would prove an element of theft by receiving stolen property puts a criminal defendant charged with a different theft offense on notice that he could be found guilty of theft by receiving stolen property.

In *Commonwealth v. Peduzzi*, 338 Pa.Super. 551, 488 A.2d 29 (1985), the defendant was tried before a judge and found guilty of theft by failure to make required disposi-

tion.[5]  After considering post-trial motions, the trial judge concluded that the evidence did not support the conviction. Instead of arresting judgment, the trial court amended the verdict and found Peduzzi guilty of theft by deception.[6] The trial judge justified this procedure under section 3902. This court reversed, finding that to alter the verdict after trial so as to find the defendant guilty of a different offense, without notice or opportunity to be heard, was error.  The court concluded that:

> [t]he consolidation contemplated by section 3902 must occur prior to, not after, a verdict has been returned and recorded.  The court cannot amend a verdict post-trial so as to find the defendant guilty of a new and different offense than the one for which he was tried.

338 Pa.Super. at 555, 488 A.2d at 31.

The instant case is analogous to *Peduzzi*.  Although the trial judge did not expressly alter the verdict, he concluded post-trial that the evidence proved appellant was guilty of a different offense from the one with which he was charged. No consolidation occurred until the trial judge ruled on appellant's motion to arrest judgment.  This was improper.

We hold that prior to the case being submitted to the jury, section 3902 requires the Commonwealth to give notice to the defendant as to which theft offense the Commonwealth is attempting to prove.  Under section 3902, the court must give defendant an opportunity to respond properly to the theft offense or offenses that the Commonwealth intends to prove.  The trial judge then has a duty to instruct the jury on the elements of those theft crimes which the Commonwealth intends to prove so that the jury understands the legal bases on which its verdict can rest. *See, Commonwealth v. Ford–Bey*, 504 Pa. 284, 288–90, 472 A.2d 1062, 1064–65 (1984).  The record reveals that the trial judge did not instruct the jury on the elements of receiving

5.  18 Pa.Cons.Stat.Ann. § 3927 (Purdon 1983).
6.  18 Pa.Cons.Stat.Ann. § 3922 (Purdon 1983).

stolen property, but only on the elements of theft of property lost, mislaid, or delivered by mistake.

In the instant case, for a conviction of receiving stolen property the Commonwealth is required to prove that appellant knew or had reason to know that that the driver's license in his possession was stolen. *See Commonwealth v. Brady*, 385 Pa.Super. 279, 286–88, 560 A.2d 802, 806 (1989). The jury never decided this issue. The judge did not instruct on theft by receiving stolen property, and knowledge that the property was stolen is not an element of theft of property lost, mislaid, or misdelivered.

The Commonwealth contends that *Commonwealth v. Robichow*, 338 Pa.Super. 348, 487 A.2d 1000 (1985) *appeal dismissed*, 510 Pa. 418, 508 A.2d 1195 (1986), supports its position that the conviction should be affirmed on the basis of sufficient evidence of a different variety of theft. We note that no consolidation of theft offenses occurred in *Robichow*. The majority found sufficient evidence to support a conviction of the theft offense with which Robichow had been charged. 338 Pa.Super at 353–55, 487 A.2d at 1003. The discussion of section 3902 in *Robichow* is therefore *obiter dictum*. Second, in the instant case, we reverse due to insufficient notice to appellant that he could be found guilty of theft by receiving stolen property. *Robichow* does not address what constitutes adequate notice under section 3902.

To summarize, we conclude that notice under section 3902 requires more than the mere admission of evidence consistent with the proof of an offense of theft different from that with which a defendant is charged. In the absence of meaningful notice, i.e., notice of the intended consolidation at a point in the trial process where a defendant has opportunity to respond, we will not uphold a conviction based on evidence that proves a theft offense different from the one originally charged. In addition, the trial judge must have instructed the jury on the elements of the offense consolidated under section 3902.

■ Appellant raises two other issues on appeal. He first asks whether the trial judge erred in refusing to grant a mistrial after Officer Terefencko testified that he knew appellant "had a previous incident," and Officer Stackhouse testified that she identified appellant from a photograph. Appellant argues that the jury could infer from this testimony that appellant had been involved with the police on previous occasions, and such an inference would be so highly prejudicial to appellant as to deny him a fair trial. We disagree.

■ The Commonwealth may not introduce evidence of a defendant's prior criminal conduct as substantive evidence of his or her guilt of the present charge. Such evidence may prejudice the jury and strip appellant of his presumption of innocence. *Commonwealth v. Lyons*, 382 Pa.Super. 438, 450–51, 555 A.2d 920, 926 (1989). However, to warrant a characterization as prejudicial, this type of testimony must convey to the jury expressly or by reasonable implication the fact of a prior criminal offense. *Commonwealth v. Carpenter*, 511 Pa. 429, 437, 515 A.2d 531, 535 (1986). Neither incident of which appellant complains conveyed to the jury the fact of a prior criminal offense. We therefore decline to reverse on this ground.

Finally, appellant argues that trial counsel was ineffective for failing to request that the trial judge give the jury a cautionary instruction after the Officer testified that he knew appellant from a previous incident. We find no merit in this claim.

■ Allegations of ineffectiveness are tested on appeal under a three step analysis: first, we decide whether the underlying claim is of arguable merit, second, we assess whether there is any reasonable basis for the disputed act or omission that was designed to advance the client's interests, and third, we consider whether counsel's alleged improper conduct worked to the client's prejudice. *Commonwealth v. Davis*, 518 Pa. 77, 83–85, 541 A.2d 315, 318 (1988). We decided above that the underlying claim lacks merit, and

we will not find counsel ineffective for failing to assert a meritless claim. *Commonwealth v. Groff,* 378 Pa.Super. 353, 364–66, 548 A.2d 1237, 1243 (1988).

Judgment of sentence on the charge of theft is vacated. As to all other charges, judgment of sentence is affirmed.

HUDOCK, J., concurs in the result.