STATE of Utah, Plaintiff and
Respondent,

v.

Gary L. TAYLOR, Defendant
and Appellant.

No. 15068.

Supreme Court of Utah.

Oct. 6, 1977.

Sheldon R. Carter, Provo, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Utah County Atty., Provo, for plaintiff and respondent.

HALL, Justice:

Appeal from a conviction of theft of a firearm.

The gun in question was stolen from its owner on December 5, 1975, and charges were brought against the defendant in December, 1976, alleging he exercised unauthorized control thereof with intent to deprive the owner of it.[1] At trial, no evidence was offered to implicate the defendant with the actual theft, the prosecution relying solely upon defendant's attempt to pawn the gun on April 24, 1976, as proof of the offense charged,[2] and the trial court denied defendant's motion to dismiss for failure to prove the elements of the offense charged. After all of the evidence was in, the court instructed the jury that they might convict defendant of the crime of theft as charged if they found all of the elements of theft by receiving as set forth in U.C.A., 1953, 76–6–408, note 2 above, and refused to give defendant's proposed jury instruction which read as follows:

> . . . 'Exercising unauthorized control' means that the defendant did take the property from the owner's possession or did convert the property to his own or to another's use after the property was entrusted to his care by the owner. . .

Defendant asserts as error, 1) the court's refusal to dismiss on the ground of failure to prove the elements of theft as charged, 2) the giving of jury instructions defining a separate crime than charged, and 3) failure to give defendant's proposed jury instruction.

The resolution of the first assignment of error requires a review of applica-

---

1. Defendant was charged with a violation of U.C.A.1953, 76–6–404, which reads: "Theft—Elements.—A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof."

2. U.C.A.1953, 76–6–408, reads: "Receiving Stolen Property—Duties of pawnbrokers.—(1) A person commits theft if he receives, retains, or disposes of the property of another knowing that it has been stolen, or believing that it probably has been stolen, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any such property from the owner, knowing the property to be stolen, with a purpose to deprive the owner thereof. . . ."

ble portions of the Code of Criminal Procedure and Criminal Code. Offenses are validly and sufficiently charged by information or indictment which uses the name given to the offense by the common law or by statute.[3] The Utah theft statute[4] consolidates the offenses known under prior law as larceny, embezzlement, extortion, false pretenses, and receiving stolen property into a single offense entitled *theft*, and clearly evidences the legislative intent to eliminate the previously existing necessity of pleading and proving those separate and distinct offenses. All that is now required is to simply plead the general offense of theft[5] and the accusation may be supported by evidence that it was committed in any manner specified in sections 404 through 410 of the Code,[6] including that of receiving stolen property, as was done in this case.

This question of statutory interpretation has been addressed by other courts with like result.[7] In the Colorado case[8] the conviction was also based on a theft by receiving theory although the offense charged was that of theft by taking. The court affirmed, reasoning that the statute eliminated the distinctions and technicalities previously existing, recognizing one crime of theft and incorporating therein all crimes involving the taking or obtaining of personal property without force.

Defendant's second assignment of error is not readily distinguishable from the first and the foregoing discussion eliminates the necessity of addressing it further. The third assignment is also closely related, however, the following comments are pertinent.

█ The thrust of the proposed instruction is to perpetuate the defendant's theory as to how the statutes in question should be interpreted by specifically requiring a finding of "theft by taking" in order to convict. Such was not the burden of proof and the court properly declined to deliver the proposed instruction to the jury.

Affirmed.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

by lack of fair notice or surprise. Appellant now makes no such claim, nor did he at trial.

---

3. U.C.A.1953, 77–21–8(a).

4. U.C.A.1953, 76–6–401 to 412.

5. U.C.A.1953, 76–6–403.

6. U.C.A.1953, 76–6–403 specifically states, however, that such is subject to the power of the court to ensure a fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced

7. *People v. Martinez*, Colo.App., 543 P.2d 1290 (1975) citing in support thereof, *Maes v. People*, 178 Colo. 46, 494 P.2d 1290; *State v. McCormick*, 7 Ariz.App. 576, 442 P.2d 134 (1968).

8. Supra note 7.