STATE of Utah, Plaintiff and Respondent,

v.

Frankie Quinn SOMMERS, Defendant and Appellant.

No. 16016.

Supreme Court of Utah.

July 6, 1979.

Sheldon R. Carter, Provo, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Utah County Atty., Provo, for plaintiff and respondent.

MAUGHAN, Justice:

This appeal is from a denial of a motion to quash the information, upon the basis defendant, Frankie Quinn Sommers (hereafter Sommers), had been denied his right to a preliminary hearing concerning the charge found in the information. We affirm the decision of the district court. All statutory references are to Utah Code Ann., 1953, as enacted 1973.

Sommers was charged under § 76–6–501, with the crime of forgery. A preliminary hearing upon the charge was held May 8, 1978, in the Provo City Court. Following the presentation of the State's evidence, the county attorney moved to amend the original complaint, by substituting the word "utter" for the word "make."[1] The amendment was allowed over the objection of Sommer's counsel. The information thereafter filed included this amendment. Sommer's motion to quash the information was denied, he was found guilty of the charged offense, and sentenced to a term not to exceed five years in the State Penitentiary.

The sole issue presented on appeal is whether the amendment of the original complaint altered it in such a substantial and prejudicial manner as to deny defendant his right to a preliminary hearing.[2] The purpose of the right to a preliminary hearing "is to secure to the accused, before he is brought to trial under an information, the right to be advised of the nature of the accusation against him, and to be confronted with and given an opportunity to cross-examine the witnesses testifying on behalf of the State."[3]

Reflecting this purpose, to advise the defendant of the nature of the accusation against him, this court has emphasized the substance of the complaint rather than its form. Therefore, changes in the wording of the complaint have generally been allowed if the substance of the complaint is such as to inform the defendant of the nature of the accusations against him.[4] Modifications and amendments, however, will not be allowed if they alter the substance of the complaint in such a manner that a different crime is charged against the defendant.[5]

In the present case, the initial complaint charges Sommers by reference to § 76–6–501. Under the provisions of that statute, the words "make" and "utter" are both used to signify proscribed activities. The interchange of one for the other does not define a crime different than that found in the original complaint. Therefore, the amendment did not alter in a material or prejudicial manner the original complaint. Sommers received a preliminary examination concerning the charge of forgery, for which he was later convicted.

CROCKETT, C. J., and WILKINS, HALL and STEWART, JJ., concur.

1. The original complaint stated in pertinent part: "charges that Frankie Quinn Sommers . . . did commit the crime of a third degree felony, to-wit: Violation of § 76–6–501, Utah Criminal Code, in that he, the said Frankie Quinn Sommers, at the time and place aforesaid, did wilfully, intentionally and unlawfully *make* a forged instrument, to-wit: a bank check with a face value of less than $100.00, purporting to bear the signature of Melvin R. Sommers, Sr. . . . ." [Emphasis added.]

2. Under the Utah Constitution, Article I, § 13, and the statutes of this State, a preliminary examination, unless waived by the accused with the consent of the State, is a prerequisite to a prosecution by information. *State v. Sheffield*, 45 Utah 426, 146 P. 306 (1915).

3. *State v. Jensen*, 34 Utah 166, 96 P. 1085 (1908).

4. *Short v. Smith*, Utah, 550 P.2d 204 (1976); *State v. Freeman*, 93 Utah 125, 71 P.2d 196 (1937); *State v. Leek*, 85 Utah 531, 39 P.2d 1091 (1934).

5. *State v. Pettit*, 97 Utah 443, 93 P.2d 675 (1939); *State v. Pay*, 45 Utah 411, 146 P. 300 (1915). This would result in the defendant being prosecuted by information without being advised of the nature of the accusation against him and an opportunity to assail the sufficiency of the complaint.