STATE of Utah, Plaintiff and
Respondent,

v.

Carol FOWLER, Defendant
and Appellant.

No. 860208–CA.

Court of Appeals of Utah.

Nov. 5, 1987.

Gary H. Weight, Provo, for defendant and appellant.

David L. Wilkinson, State Atty. Gen., David B. Thompson, Asst. Atty. Gen., for plaintiff and respondent.

Before BENCH, GREENWOOD and GARFF, JJ.

BENCH, Judge:

Defendant appeals her conviction for theft. We affirm.

Defendant Carol Fowler and Ella Stevens are neighbors. In 1984, defendant began borrowing small amounts of money from Ella to buy pet food. Ella's generosity prompted defendant to make subsequent requests for larger sums to pay for everything from automobile repairs to medical bills. Typically, defendant would place a letter in Ella's mailbox requesting a certain amount of money, explaining her need, and including a receipt as evidence of her need. With each request, defendant inevitably promised to repay Ella soon or by a specific date. Ella would prepare a check for the requested amount, record the loan in a notebook, and give defendant the check. Between 1984 and 1986, defendant borrowed over $70,000 from Ella and repaid only about $1,500.

Ella's bank, concerned over the large amounts paid to defendant, contacted the police. After an investigation, defendant was charged with theft, a second degree felony, in violation of Utah Code Ann. § 76-6-404 (1978): "A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof."

Trial before the court was held on February 20, 1986. At trial, defendant acknowledged her $70,000 debt to Ella. She admitted the various receipts accompanying her requests for money were either counterfeit or altered with higher amounts due. Defendant testified that between 1984 and 1986, she had only been employed for a brief period in the summer of 1984. Although she consistently promised to repay Ella, defendant admitted she had no idea how she would be able to do so.

At the close of the prosecution's case, defendant moved to dismiss the charge as the prosecution had failed to prove "unauthorized control" and "purpose to deprive" as required under section 76-6-404. The prosecution countered, arguing it was not claiming that defendant obtained or exercised unauthorized control over Ella's property. The prosecution argued defendant's purpose to deprive could be inferred from her pattern of lies regarding repayment and her obvious inability to repay. The court denied defendant's motion and the trial proceeded. In a decision dated March 27, 1986, the court found defendant guilty beyond a reasonable doubt of the charge of theft. The court subsequently sentenced defendant to an indeterminate term of not less than one year nor more than fifteen years in the Utah State Prison, and ordered her to pay restitution in the amount of $72,000.

On appeal, defendant challenges the sufficiency of the evidence to establish she had obtained unauthorized control of and intended to deprive Ella of her property. The prosecution relies upon Utah's consolidated theft statute in support of the conviction. That statute, Utah Code Ann. § 76-6-403 (1978), provides:

Conduct denominated theft in this part constitutes a single offense embracing the separate offenses such as those heretofore known as larceny, larceny by trick, larceny by bailees, embezzlement, false pretense, extortion, blackmail, receiving stolen property. An accusation of theft may be supported by evidence that it was committed in any manner specified in sections 76-6-404 through 76-6-410, subject to the power of the court to ensure a fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise.

In *State v. Taylor*, 570 P.2d 697 (Utah 1977), the Utah Supreme Court explained the principle of and procedure behind consolidated theft. Taylor was charged with theft in violation of section 76-6-404. The prosecution presented no evidence to implicate Taylor with the actual theft. Rather, the prosecution relied on evidence of Taylor's attempts to pawn the stolen property, conduct in violation of theft by receiving, Utah Code Ann. § 76-6-408 (1987). The trial court denied Taylor's motion to dismiss for failure to prove the elements of the crime charged. At the conclusion of trial, the court instructed the jury they

could convict Taylor of the crime of theft as charged if they found the elements of theft by receiving. The court refused to give Taylor's proposed instruction which defined "exercising unauthorized control."

■ On appeal, the Utah Supreme Court explained:

The Utah theft statute consolidates the offenses known under prior law as larceny, embezzlement, extortion, false pretenses, and receiving stolen property into a single offense entitled *theft*, and clearly evidences the legislative intent to eliminate the previously existing necessity of pleading and proving those separate and distinct offenses. All that is now required is to simply plead the general offense of theft [footnote indicates section 76-6-403] and the accusation may be supported by evidence that it was committed in any manner specified in sections 404 through 410 of the Code, including that of receiving stolen property, as was done in this case.

570 P.2d at 698 (footnotes omitted) (emphasis in original). It is evident from the facts and holding in *Taylor* that sections 76-6-403 and 404 are co-operative. Section 76-6-404 is the "general offense of theft" required to be pled by section 76-6-403 to invoke the provisions of consolidated theft. Once the prosecution charges a defendant with the general offense of "theft" under section 76-6-404, it may then present its evidence to prove the theft was "committed in any manner specified in sections 404 through 410...."

In the instant case, the procedural facts are identical to those in *Taylor*. Defendant was charged with theft under section 76-6-404. The prosecution did not attempt to prove the elements of 76-6-404, namely "unauthorized control." Rather, it presented its case on the theory of theft by deception: "A person commits theft if he obtains or exercises control over property of another by deception and with a purpose to deprive him thereof." Utah Code Ann. § 76-6-405 (1978). No element of "unauthorized control" is required under this section. Therefore, we decline to address defendant's challenge to the sufficiency of the evidence to establish "unauthorized control."

A "purpose to deprive" is an element common to both sections and we therefore address defendant's claim of insufficient evidence to establish this element. Utah Code Ann. § 76-6-401(3) (1978) defines "purpose to deprive" as follows:

(a) To withhold property permanently or for so extended a period or to use under such circumstances that a substantial portion of its economic value, or of the use and benefit thereof, would be lost; or

(b) To restore the property only upon payment of a reward or other compensation; or

(c) To dispose of the property under circumstances that make it unlikely that the owner will recover it.

In its decision, the trial court found:

That defendant represented to Ella Stevens that defendant was gainfully employed and had the means to repay said money within a reasonable time; that such representations were false; that defendant repeatedly lied to Ella Stevens about the need and purpose for which defendant sought money from Ella Stevens; that defendant repeatedly falsified records and receipts for the purpose of concealing from Ella Stevens the real purposes for which said money was obtained by the defendant from said victim, that defendant knew there was no realistic possibility that defendant would be able to repay said money to the victim and defendant's assertions to the victim that such money would be repaid were nothing more than a fraud and a sham to facilitate obtaining money from the victim and to deprive the victim thereof; that defendant was aware that her promises to repay said money to the victim were reasonably certain not to be performed and the defendant thus obtained such money from the victim with the purpose to deprive the victim thereof.

■ This Court recently recognized the Utah Supreme Court's decision in *State v. Walker*, 743 P.2d 191 (Utah 1987), to apply Utah R.Civ.P. 52(a) to criminal bench trials. *See State v. Wright and Riding*, 744 P.2d 315 (Utah App.1987). We will not set aside the findings of the trial court unless they

are "clearly erroneous." The court's findings in the instant case are not clearly erroneous, but are well supported by the evidence. Defendant's purpose to deprive may be inferred from her actions and the surrounding circumstances. *State v. Murphy,* 674 P.2d 1220, 1223 (Utah 1983).

Defendant's conviction for theft is affirmed.

GREENWOOD and GARFF, JJ., concur.