2001 UT App 10

**STATE of Utah, Plaintiff and Appellee,**

v.

**John Joseph BUSH, Defendant and Appellant.**

**No. 990964–CA.**

Court of Appeals of Utah.

Jan. 11, 2001.

Rehearing Denied Feb. 28, 2001.

Rehearing Denied June 7, 2002.

Kenneth R. Brown and Patrick L. Anderson, Salt Lake City, for Appellant.

Mark L. Shurtleff and Christine Soltis, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges GREENWOOD, JACKSON, and THORNE.

## OPINION

GREENWOOD, Presiding Judge:

¶ 1 Defendant brings this interlocutory appeal, claiming the trial court erred in (1) allowing the State to amend the information to change the charge from theft by deception to theft of lost, mislaid, or mistakenly delivered property, (2) denying his motion for a new preliminary hearing on the amended charge, and (3) denying his motion to quash the bindover because the State did not produce sufficient evidence to support a proba-

ble cause finding. We affirm in part, reverse in part, and remand.

## BACKGROUND

¶ 2 On October 29, 1998, the State charged defendant and his employee Brad Brewer with four counts of theft by deception under Utah Code Ann. § 76-6-405 (1999), and Brewer alone with four counts of forgery. The information stated that defendant and Brewer "obtained or exercised control over the property of MBCI and DBCI by deception, with the purpose to deprive the owner thereof, and that the value of said property is or exceeds $5,000." At the preliminary hearing, witnesses testified that defendant was the owner of Syndicated Storage Solutions (SSS), a general contractor that builds storage units. As a general contractor, SSS subcontracted with two companies, MBCI and DBCI, to provide certain materials used by SSS in its construction projects. When customers paid for projects, they normally submitted checks payable jointly to SSS and its subcontractors. Under this payment method, the subcontractor's right to payment was protected. Thus, SSS received the checks and would settle any outstanding accounts with its subcontractors before depositing any remaining amounts into its own account.

¶ 3 In this case, SSS received checks payable jointly to itself and MBCI. Normally, SSS would send the check to MBCI. After determining how much of the payment it was entitled to, MBCI would retain the amount owed to it and pay to SSS any remaining balance.

¶ 4 In this case, SSS received two checks as payment on a project made payable jointly to SSS and MBCI. The State produced testimony that an SSS employee, Brewer, forged the name of an MBCI employee on the check and deposited the checks into SSS's account. According to an MBCI employee, SSS was not entitled to any of the proceeds from these checks because MBCI was owed more than the amount of the checks. Eventually, MBCI learned that the checks had been forged and contacted the police.

¶ 5 When contacted by police, defendant stated he was unaware of any forgery or problems with the checks. Defendant, however, admitted that SSS owed MBCI money. Defendant stated the allegedly forged checks had been deposited into the SSS account, and the proceeds used to pay business and personal expenses. Later, an SSS secretary apparently informed defendant that there had been some improprieties with respect to the two checks.

¶ 6 At the preliminary hearing held December 29, 1998, the trial court found probable cause existed to bind over defendant with respect to the two checks made jointly payable to MBCI.[1]

¶ 7 Defendant moved to quash the bindover, arguing that the State had failed to show probable cause that he was directly involved in forging the checks or in theft by deception of the proceeds. Specifically, defendant argued the State was proceeding under a theory of vicarious liability for the forgeries, which was insufficient to support a criminal charge of theft by deception. During the hearing on the motion to quash, the prosecution admitted that theft by deception may not be the proper theory and suggested it could amend the information to charge theft of lost, mislaid, or mistakenly delivered property. Ultimately, the trial court denied defendant's motion to quash.

¶ 8 Defendant then petitioned for interlocutory appeal. Subsequently, the State amended the information, charging defendant with theft of lost, mislaid, or mistakenly delivered property under Utah Code Ann. § 76–6–407 (1999). This court denied the interlocutory appeal because of the amended information.

¶ 9 Defendant moved to strike the amended information, arguing it charged a new offense in violation of Rule 4 of the Utah Rules of Criminal Procedure. Defendant also moved for a new preliminary hearing based on the new charges contained in the amended information. The trial court again denied defendant's motions. The court also denied defendant's motion to quash the bind-

over. Defendant again petitioned for interlocutory appeal, which this court granted.

## ISSUES AND STANDARDS OF REVIEW

¶ 10 Defendant presents three questions: (1) did the trial court err in allowing the State to amend the information, changing the charge from theft by deception to theft of lost, mislaid, or mistakenly delivered property; (2) did the trial court err in denying defendant's request for a new preliminary hearing based on the amended charges; and (3) did the State produce sufficient evidence to support the bindover of defendant on the amended charge. These three issues all present questions of law which this court reviews for correctness, according the trial court some deference for its factual findings. *See State v. Pena*, 869 P.2d 932, 936 (Utah 1994) (questions of law); *Tillman v. Cook*, 855 P.2d 211, 215 (Utah 1993) (amended information); *State v. Wodskow*, 896 P.2d 29, 31 (Utah Ct.App.1995) (preliminary hearing and sufficiency of evidence).

## ANALYSIS

I. Does Amending an Information to Charge a Different Theft Theory Constitute A New and Distinct Offense Under Rule 4

¶ 11 Defendant claims the trial court erred in allowing the State to amend the information after the preliminary hearing to charge theft of lost, mislaid, or mistakenly delivered property instead of theft by deception. Under Rule 4(d) of the Utah Rules of Criminal Procedure, "the trial court may allow an information to be amended if two conditions are met: (1) no additional or different offense is charged, and (2) the substantial rights of the defendant[ ] are not prejudiced." *State v. Ramon*, 736 P.2d 1059, 1062 (Utah Ct.App.1987). Defendant relies on *Tillman v. Cook*, 855 P.2d 211 (Utah 1993) to argue that because the two theft crimes involve different elements of proof, the amendment in this case violates Rule 4(d).

---

1. Defendant was also charged with respect to two checks made jointly payable to SSS and DBCI, but the trial court did not find probable cause to bind over defendant on these two counts.

*See id.* at 215. In *Tillman*, the supreme court examined Rule 4(d) and stated: "Whether an amendment charges an additional or different offense turns on whether different elements are required to prove the offense charged in the amended information or whether the offense charged in the amended information increased the potential punishment from that originally charged." *Id.* (footnote omitted).

¶ 12 It is clear that the two theft crimes charged in this case involve different elements of proof. *Compare State v. Roberts*, 711 P.2d 235, 237 (Utah 1985) (stating "State must prove beyond a reasonable doubt that the defendant has (1) obtained or exercised control over the property of another; (2) by deception and; (3) with a purpose to deprive that person of the property." (footnotes omitted)), *with* Utah Code Ann. § 76-6-407 (1999) (requiring proof that defendant (1) obtained property which he or she knew to be lost, mislaid, or mistakenly delivered; (2) failed to take reasonable measures to return the property to its owner; and (3) had the intent to deprive the owner of the property prior to attempting to return the property). Notwithstanding the different elements required to prove these two crimes, Utah's consolidated theft statute provides:

> Conduct denominated theft in this part constitutes a single offense embracing the separate offenses such as those heretofore known as larceny, larceny by trick, larceny by bailees, embezzlement, false pretense, extortion, blackmail, receiving stolen property. An accusation of theft may be supported by evidence that it was committed in any manner specified in Sections 76-6-404 through 76-6-410, subject to the power of the court to ensure a fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise.

Utah Code Ann. § 76-6-403 (1999). Thus, "[a]ll that is now required is to simply plead the general offense of theft and the accusation may be supported by evidence that it was committed in any manner specified in sections 404 through 410 of the Code...." *State v. Taylor*, 570 P.2d 697, 698 (Utah

1977) (footnote omitted). Specifically, the consolidated theft statute is designed to "eliminate[ ] the distinctions and technicalities previously existing, recognizing one crime of theft and incorporating therein all crimes involving the taking or obtaining of personal property without force." *Id.*

■ ¶ 13 Therefore, the State argues that merely switching from one theory of theft to another does not constitute charging a new or different offense for purposes of Rule 4. We agree. The fundamental purposes of Rule 4 and section 76-6-403 are to provide a framework allowing the State to properly charge a defendant and to provide a defendant with notice of the crime charged and the evidence supporting the charge.

■ ¶ 14 It is a fundamental principle of criminal law that a defendant is entitled to know "the nature and cause of the accusation against him," Utah Const. art. I, § 12, and "to sufficient time to prepare adequately for trial." *State v. Peterson*, 681 P.2d 1210, 1221 (Utah 1984) (Stewart, J., concurring in part and dissenting in part). Rule 4 protects a defendant's rights by requiring an indictment or information setting forth the offense and supporting facts and allowing a defendant to request a bill of particulars if desired. *See* Utah R.Crim P. 4.

¶ 15 Section 76-6-403 is modeled after the Model Penal Code's consolidated theft statute. *See* Paul N. Cox, *Utah's New Penal Code: Theft*, 1973 Utah L.Rev. 718, 734. The commentary to the Model Penal Code states: " '[t]he purpose of consolidation ... is not to avoid the need to confront the substantive difficulties in the definition of theft offenses. The appropriate objective is to avoid procedural problems.' " *Commonwealth v. Martin*, 395 Pa.Super. 244, 577 A.2d 200, 203 (1990) (quoting Model Penal Code § 223.1(1), revised Commentary at 127-28 (1980)). As the commentary suggests, the purpose of the consolidated theft statute is not to allow the State to avoid the substantive safeguards contained in Rule 4. Rather, the consolidated theft statute is designed to prevent a defendant from escaping an otherwise valid theft charge on a mere technicality in the pleadings. *See, e.g., id.* ("[I]n order to prevent a charge based on one

method of unlawfully obtaining property from being defeated by the defense that the property was acquired by a different unlawful method, the statute allows the Commonwealth to introduce evidence at trial of any form of theft regardless of the form of theft charged, but always subject to the defendant's right to fair notice and an opportunity to defend.").

¶ 16 In order to protect a defendant's right to know the nature of the accusation, several courts have stressed the importance of providing defendants with sufficient notice and time to adequately prepare a defense. *See, e.g., State v. Seiber,* 117 Idaho 637, 791 P.2d 18, 20 (App.1989) (noting that amendment of information "must not deprive a defendant of his due process right to notice and opportunity to prepare a defense"); *State v. Scott,* 225 Neb. 146, 403 N.W.2d 351, 354 (1987) (upholding conviction because defendant had notice of the specific charge on which he was tried); *State v. Stearns,* 130 N.H. 475, 547 A.2d 672, 679 (1988) (upholding conviction because defendant tried under theory of theft by unauthorized taking and convicted by jury of that crime); *Martin,* 577 A.2d at 203 (reversing conviction because defendant was never informed that the Commonwealth intended to prove theft by receipt of stolen property instead of theft of property lost, mislaid, or delivered by mistake). Thus, allowing the State to amend the information to charge a different theory of theft does not offend the procedural safeguards in the criminal process, so long as defendant is adequately notified of the theory being used and given ample time to prepare a defense to the charge.

■ ¶ 17 Finally, defendant argues that if Utah's consolidated theft statute allows the State to amend the information, the State failed to properly plead the theft offense. Defendant argues that in order to charge under the consolidated theft statute, the State must charge the general provision contained in sections 76–6–403 and –404. Because the first information charged defendant under a specific theft provision, section 76–6–405, defendant claims the State lost the ability to change the charge to a different theft theory under a separate section of the theft statute.

¶ 18 Defendant relies on this court's statement in *State v. Fowler* to support his position:

> It is evident from the facts and holding in *Taylor* that sections 76–6–403 and 404 are co-operative. Section 76–6–404 is the "general offense of theft" *required to be pled by section 76–6–403 to invoke the provisions of consolidated theft.* Once the prosecution charges a defendant with the general offense of "theft" under section 76–6–404, it may then present its evidence to prove the theft was "committed in any manner specified in sections 404 through 410...."

*Id.* 745 P.2d 472, 474 (Utah Ct.App.1987) (citation omitted) (emphasis added).

¶ 19 Defendant also cites *State v. Peterson* as support for this theory. In *Peterson,* the supreme court upheld the amendment to the information because it merely changed the subsection on which the State intended to rely. *See id.* 681 P.2d 1210, 1220–21 (Utah 1984). The court stated that defendant had notice of the statutory offense, and thus his rights had not been prejudiced by merely altering the subsection. *See id.* at 1221. Defendant claims that *Peterson* is instructive because rather than merely changing the subsection as in *Peterson,* the State is changing the section and charging an entirely separate offense.

¶ 20 Thus, we must determine whether the State must plead under the general theft provision in order to have the ability to change its theory as to the specific type of theft charged. The State argues that by charging under the specific section, rather than the general, it is attempting to provide defendant with more information about the nature of the charge. Under this theory, the State believes it should not be foreclosed from changing the theft theory simply because its initial theory was incorrect. The State claims that Utah's theft statute is designed to avoid exactly this circumstance; procedural problems arising from difficulties of proof involving the specific means of theft. *See Martin,* 577 A.2d at 203.

¶ 21 Although neither Utah nor any other state has specifically addressed whether the general provision must be pleaded in order to be advantaged by the consolidated theft statute, it is clear that other states have allowed an information to be amended from one specific theft provision to another. For example, in *Seiber,* the Idaho Court of Appeals allowed the State to amend the information from one specific theft crime to another, stating: "theft and theft by obtaining control over stolen property are simply alternate 'circumstances' under which the crime of theft may be charged." *Id.,* 791 P.2d at 20. In other words, under Idaho's theft statute, the different crimes are not separate offenses for purposes of amending an information, rather they are merely different circumstances of the single crime of theft. *See id.*

¶ 22 Similarly in *Stearns,* the Supreme Court of New Hampshire allowed a bill of particulars to be amended, changing the crime from theft by unauthorized taking to theft by deception. *See id.,* 547 A.2d at 679. In *Stearns,* the court stated: "An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the indictment or information." *Id.* Contrary to defendant's assertion that the general provision must be pleaded to invoke the consolidated theft statute's provisions, these other states have uniformly allowed the information to be amended from one specific theft provision to another. *See Seiber,* 791 P.2d at 20; *Scott,* 403 N.W.2d at 354; *Stearns,* 547 A.2d at 679; *Martin,* 577 A.2d at 202–03.

¶ 23 In light of the underlying purpose of consolidated theft statutes, we believe the more sound approach is that followed by jurisdictions that allow the State to amend an information from one specific theft theory to another. As the State points out, charging under a specific theft theory provides a defendant with more information about the nature of the charge than charging under the general section. If it turns out, as is the case here, that the State's initial theory of theft is not supported by the evidence and a different theory is warranted, the State should not be foreclosed from changing the theory of theft simply because it attempted to provide more information in the initial charge. The purpose of the consolidated theft statute is to allow the State to change its theory of the crime when it later determines the evidence supports a different theory. In so holding, however, we reiterate that allowing the State to amend the charge is always subject to a defendant's right to fair notice.

II. Is Defendant Entitled to a New Preliminary Hearing on the Amended Charge of Theft of Lost, Mislaid, or Mistakenly Delivered Property

¶ 24 Defendant claims the trial court erred by not ordering a new preliminary hearing on the amended information. Specifically, defendant argues the trial court's ruling deprived him of the opportunity to fully cross-examine the State's witnesses and hear the evidence supporting the amended charge. He further contends that had the State charged him under the general theft provision of section 76–6–404 he would have filed a bill of particulars to ascertain the State's theory, but he did not do so because of the more particularized charge. Defendant's argument is well-taken.

The purpose of the right to a preliminary hearing "is to secure to the accused, before he is brought to trial under an information, the right to be advised of the nature of the accusation against him, and to be confronted with and given an opportunity to cross-examine the witnesses testifying on behalf of the State."

*State v. Sommers,* 597 P.2d 1346, 1347 (Utah 1979) (footnote omitted).

¶ 25 At the preliminary hearing on the theft by deception charge, the State produced evidence to show that defendant owned SSS; SSS received money from forged checks; defendant used the money from the forged checks to pay personal and business expenses; defendant, at some point, learned that an SSS employee had forged the name of an MBCI employee on the checks; and defendant, upon learning of the forgery, did nothing to return the money to the rightful recipient. The trial court determined this evidence was sufficient to establish probable

cause that defendant was guilty of theft by deception.

¶ 26 Defendant then moved to quash the bindover, arguing that the State's vicarious liability theory could not support a theft by deception charge because the State had failed to show that defendant was a party to any criminal act—i.e. he had not participated in or encouraged the forgery—and Utah law does not provide for vicarious criminal liability. During the hearing on defendant's motion to quash, the trial court, with a different judge presiding, stated that it did not think the evidence could support theft by deception, but that the evidence could support theft of lost, mislaid, or mistakenly delivered property or theft by receiving stolen property. The State conceded that theft by deception may not be the proper charge and offered to amend the information to reflect the new offense. Based on the amended information, the trial court determined probable cause existed to support the charge of theft of lost, mislaid, or mistakenly delivered property, denied defendant's motion to quash, and decided a new preliminary hearing was not necessary because the State had not alleged any new evidence to support the amended charge.

¶ 27 Our review of the record indicates that at no time during the preliminary hearing did the State suggest that it was considering amending the information to charge a different theft theory. Defendant was deprived of the opportunity to cross-examine the State's witnesses or call witnesses on the theory of theft of lost, mislaid, or mistakenly delivered property. Thus, defendant was deprived of his right to know the "nature of the accusation against him and an opportunity to assail the sufficiency of the complaint." *Id.* at 1347 n. 5.

¶ 28 The State claims that a new preliminary hearing is not necessary because it will not be producing any new evidence to support the amended charge. The State refers us to *State v. Seiber,* 117 Idaho 637, 791 P.2d 18, 20 (App.1989) to support its position that a new preliminary hearing is not necessary when the evidence supporting the amended charge is the same as that presented at the preliminary hearing for the initial charge.

Although *Seiber* does support the State's position, *see id.,* we believe defendant is entitled to the opportunity to cross-examine the State's witnesses with respect to the new charge.

¶ 29 The State's ability to amend an information under the consolidated theft statute is tempered by a defendant's right to notice of charges against him. In this case, defendant is entitled to a preliminary hearing on the amended charge because during the preliminary hearing, defendant was never given the opportunity to explore the State's evidence in light of the theory the State would be pursuing at trial. Because we reverse the trial court's denial of defendant's motion for a new preliminary hearing, we do not reach defendant's last issue regarding sufficiency of the evidence for bindover.

CONCLUSION

¶ 30 Under Utah's consolidated theft statute, the trial court did not err when it allowed the State to change the offense charged from theft by deception to theft of lost, mislaid, or mistakenly delivered property. The consolidated theft statute specifically allows the State to change the theory of theft charged. Additionally, the consolidated theft statute does not require the State to plead under the general statute in order to be able to amend the information. The State may plead under a specific provision of the statute and later amend the information to plead a different theory. Under the consolidated theft statute, there is only one offense of theft. Although the State claims that it will not produce new evidence to support the amended charge, defendant is entitled to a new preliminary hearing in order to cross-examine the State's witnesses and call his own witnesses in light of the amended charge.

¶ 31 Affirmed in part, reversed in part, and remanded.

WE CONCUR: NORMAN H. JACKSON, Associate Presiding Judge, WILLIAM A. THORNE, Jr., Judge.