J-S48005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: A.D., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.D., MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1056 EDA 2024 |

Appeal from the Dispositional Order Entered February 26, 2024
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No: CP-51-JV-0000645-2023

BEFORE: STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 30, 2025**

Appellant, A.D., a juvenile, appeals from the dispositional order entered on February 26, 2024, adjudicating him delinquent of receiving stolen property, unauthorized use of automobiles and evading arrest or detention on foot. Upon review, we affirm.

On April 6, 2023, at approximately 1:10 A.M., Officer Omair Chughtai of the Philadelphia Police Department was working undercover and operating an unmarked vehicle when he observed a white Honda Civic driving without headlights or taillights.[1] N.T. Hearing, 2/26/24, at 16-17. Officer Chughtai radioed dispatch with the vehicle's registration number and learned that the

---

[1] As Officer Chughtai was operating an undercover vehicle, he was equipped with a body-worn camera. N.T. Hearing, 2/26/24, at 23. The encounter was captured on video and was played for the juvenile court. *Id.* at 23-28.

vehicle was reported stolen. *Id.* at 18-19. He requested additional officers to the scene and then activated his emergency lights and siren. *Id.* at 20.

The vehicle did not pull over and initially continued travelling at a normal speed, and then accelerated to a higher rate. *Id.* at 21. Officer Chughtai followed the vehicle for less than a mile when the vehicle became disabled after hitting a curb. *Id.* at 22. Multiple people exited the vehicle and fled on foot. *Id.* Officer Chughtai chased after the driver, later identified as Appellant, on foot. *Id.* Officer Chughtai lost sight of Appellant for approximately two and a half minutes. *Id.* at 32. He eventually located Appellant hiding behind a building in the fetal position. *Id.* at 23.

On April 7, 2023, the Commonwealth filed a delinquency petition alleging that Appellant committed the delinquent acts of receiving stolen property and unauthorized use of automobiles. On August 4, 2023, following a hearing, the juvenile court permitted the Commonwealth to amend the delinquency petition to add the delinquent acts of conspiracy, criminal mischief and evading arrest or detention on foot. Following another hearing, on February 26, 2024, the juvenile court adjudicated Appellant delinquent of receiving stolen property, unauthorized use of automobiles and evading arrest or detention on foot. Appellant was ordered to serve probation with GPS monitoring and curfew, and to complete the following: (1) random drug tests; (2) outpatient therapy and take any prescribed medication; (3) attend school with no unexcused absences, lateness or suspensions; (4) write a 250-word

apology letter; (5) attend 7.5 hours of PYAP weekly; and (6) continue functional family therapy.

Appellant filed a post-dispositional motion, which was denied by operation of law. This appeal followed. Both Appellant and the juvenile court have complied with Pa.R.A.P. 1925. Appellant raises two issues for our review:

A. Does a juvenile court err as a matter of law and abuse its discretion under Pa.R.E. 404(b)(3) when it permits the Commonwealth to elicit and admit evidence of a defendant's alleged prior act of stealing a vehicle when the Commonwealth does not provide reasonable notice to the juvenile defendant in advance of the adjudicatory hearing?

B. Does sufficient evidence exist to support a finding that a juvenile has committed the offense of evading arrest under 18 Pa.C.S.[A.] § 5104.2 when the Commonwealth fails to prove that:

1. the juvenile knowingly and intentionally fled from a public servant, when the person chasing him was in an unmarked car and never identified himself as police; and

2. the juvenile knowingly and intentional[ly] fled from a person he believed was permitted to conduct a lawful detention, where the identity of the officer was unknown, and even if it was known, that he knew the undercover officer was permitted to make an arrest?

Appellant's Brief, at 3.

In Appellant's first issue, he argues that the trial court improperly admitted testimony of other crimes in violation of Pa.R.E. 404(b) because the Commonwealth failed to give him the required notice. *Id.* at 13-24. The Commonwealth presented the complainant, L.M.C., who testified that he

purchased the white Honda Civic but registered it under his cousin's name because he does not have a social security number or ability to obtain a state identification card. N.T. Hearing, 2/26/24, at 37-38. L.M.C. was the only one in possession of the vehicle from the time it was purchased until it was stolen on April 5, 2023. *Id.* at 39. He was working for DoorDash and left his vehicle running, but kept the keys in his pocket, while he picked up an order at Panera Bread. *Id.* at 39-40. While inside Panera, he looked outside and saw someone inside of his vehicle. *Id.* at 39. L.M.C. ran after the vehicle, caught up to it and tried to open the door, but the individual took off speeding. *Id.*

The Commonwealth then asked L.M.C. if he could identify the individual who stole his car. *Id.* at 40. Appellant objected on the ground that the Commonwealth failed to provide notice pursuant to Rule 404(b)(3). *Id.* The juvenile court overruled the objection, stating that the question was relevant. *Id.* L.M.C. identified Appellant as the person who stole his vehicle on April 5, 2023, and testified that he did not give him permission to drive it. *Id.* at 40-41, 43.

Appellant contends that L.M.C.'s testimony falls under Pa.R.E. 404(b) because it related to a distinct act (stealing a vehicle) separate from those outlined in the delinquency petition (possession of a stolen vehicle). Appellant's Brief, at 13-14. Since L.M.C.'s testimony related to a distinct prior bad act, he argues that the Commonwealth was required to provide notice pursuant to Pa.R.E. 404(b)(3). *Id.* at 18-20. Appellant claims he was unfairly surprised by L.M.C.'s testimony and "was not aware that he would be

identified, mid-trial, as the person who took the car." *Id.* at 17-18. He cites *Commonwealth v. Martin*, 577 A.2d 200 (Pa. Super. 2009), as support for his position. *Id.* at 15-18.

It is well settled that evidentiary rulings are within the sound discretion of the trial court. *Commonwealth v. DiStefano*, 265 A.3d 290, 297 (Pa. 2021). A trial court's ruling on the admissibility of evidence will only be reversed where there has been an abuse of discretion:

> An appellate court will not find an abuse of discretion based on a mere error of judgment, but rather . . . where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Id.* at 298 (internal citation and quotation marks omitted). Generally, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). However, such evidence may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident where the probative value outweighs the prejudicial effect. Pa.R.E. 404(b)(2). If the Commonwealth intends to submit evidence of a defendant's prior bad acts, it "must provide reasonable notice in advance of trial." Pa.R.E. 404(b)(3).

*Martin* is distinguishable for a couple of reasons. First, *Martin* is not a 404(b) case. Rather, it addressed the then-recent statute consolidating

various theft offenses, 18 Pa.C.S.A. § 3902[2], and whether the Commonwealth was required "to give notice . . . [of] the specific provision of the theft statute under which it intends to seek a guilty verdict where the specific theft offense charged is different from the one the Commonwealth is attempting to establish at trial." *Martin*, 577 A.2d at 201. The defendant in *Martin* was charged and found guilty of theft of property lost, mislaid, or delivered by mistake. *Id.* However, the trial court found that the Commonwealth failed to prove the elements of theft of property lost, mislaid, or delivered by mistake. *Id.* at 202. The Commonwealth argued post-trial, and the trial court agreed, that "regardless of the specific theft provision charged, the Commonwealth can prevail if it proves beyond a reasonable doubt the elements of any of the theft offenses defined in Chapter 39 of the Crimes Code . . . so long as the defendant is not prejudiced by lack of fair notice or surprise." *Id.* The trial court found that even though the Commonwealth failed to prove the elements of theft of property lost, mislaid or delivered by mistake, the Commonwealth met its burden of proving receiving stolen property. *Id.*

This Court reversed. We noted that the trial court was correct that a verdict based on proof of receiving stolen property may be valid even though

_____

[2] Section 3902 provides: "Conduct denominated theft in this chapter constitutes a single offense. An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the complaint or indictment, subject only to the power of the court to ensure fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise." 18 Pa.C.S.A. § 3902.

the defendant was charged with theft of property lost, mislaid or delivered by mistake. *Id.* at 203. However, we concluded that the defendant was prejudiced by lack of fair notice or surprise, because Section 3902 requires the Commonwealth to give notice as to which theft offense it is attempting to prove. *Id.* at 204. We further noted that the jury did not decide the issue of whether the defendant was guilty of receiving stolen property because the jury was not instructed on the elements of that crime. *Id.* Thus, *Martin* only addressed an issue arising under Section 3902, not the Rule 404(b) issue now before us.

Second, unlike *Martin*, Appellant was charged with the same delinquent acts for which he was adjudicated – receiving stolen property, unlawful use of automobiles and evading arrest or detention by foot. He was not charged, nor adjudicated delinquent, of stealing the vehicle. There was no lack of fair notice or surprise as to which theft offense the Commonwealth pursued against Appellant. Thus, *Martin* is not applicable to this case.

The juvenile court, in permitting L.M.C.'s testimony regarding who stole his vehicle, reasoned that such testimony was relevant "in establishing that the Complainant had the vehicle when it was stolen from him on April 5, 2023, and that the vehicle was in brand new condition before being stolen." Trial Court Opinion, 6/13/24, at 9. It further noted that Rule 404 was not applicable because the evidence was not used as character evidence to prove Appellant acted in conformity with a prior bad act or to show that he had a propensity to commit the delinquent act. *Id.* We agree.

- 7 -

Rule 404 does not apply to L.M.C.'s testimony because it was not used to show other uncharged crimes or to prove Appellant's character. Instead, it was used to prove the elements of the offenses for which Appellant was charged, receiving stolen property and unauthorized use of automobiles. "A person is guilty of [receiving stolen property] if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a). L.M.C.'s testimony was relevant to establish that Appellant received or retained L.M.C.'s vehicle and that Appellant knew or believed the vehicle was stolen. A person commits unauthorized use of automobiles "if he operates the automobile . . . of another without consent of the owner." 18 Pa.C.S.A. § 3928(a). L.M.C.'s testimony was relevant to prove that Appellant operated L.M.C.'s automobile without his consent. Accordingly, no relief is due on this claim.

In Appellant's second claim, he argues that the evidence was not sufficient to support his adjudication of evading arrest or detention on foot. Appellant's Brief, at 24-29. He argues that the Commonwealth failed to prove the requisite *mens rea* of the offense. *Id.* at 24. Specifically, he contends that the Commonwealth was required to prove that Appellant knew that a public servant was attempting to lawfully arrest or detain him. *Id.* Appellant concedes that Officer Chughtai was a public servant but does not concede that he *knew* Officer Chughtai was a public servant prior to his arrest. *Id.*

Our standard of review when faced with a challenge to the sufficiency of the evidence is:

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**_Commonwealth v. Brown_**, 23 A.3d 544, 559-60 (Pa. Super. 2011) (_en banc_) (citations omitted). For evading arrest or detention on foot, the Commonwealth must prove that "the person knowingly and intentionally flees on foot from a public servant attempting to lawfully arrest or detain that person." 18 Pa.C.S.A. § 5104.2.

Appellant first contends that he was unaware Officer Chughtai was a public servant because he did not identify himself as a law enforcement officer. Appellant's Brief, at 26-28. This argument is unavailing. Although Officer Chughtai was operating an undercover vehicle, he activated his emergency lights and siren to conduct a traffic stop once he learned the vehicle was reported stolen. Additional officers were also on scene to assist Officer

Chughtai, which can be seen on his body-worn camera as marked vehicles using their emergency lights. Emergency lights and sirens are commonly used to identify a vehicle as a law enforcement officer, as opposed to a potentially dangerous stranger. *See Commonwealth v. Livingstone*, 174 A.3d 609, 621 (Pa. 2017). We find the use of emergency lights under the circumstances present here sufficient for Appellant to know that he was running from a public servant, namely a law enforcement officer.

Next, Appellant argues that he did not know that he was fleeing from a lawful detention or arrest. While there is no caselaw relative to this statute, we are guided by caselaw relative to resisting arrest as both statutes use the term "lawful arrest" in their definitions. Our Supreme Court has established that a lawful arrest is an element of the crime of resisting arrest. *Commonwealth v. Jackson*, 924 A.2d 618, 620 (Pa. 2007). "[T]he lawfulness of an arrest depends on the existence of probable cause to arrest the defendant." *Id.* A person's *knowledge* of whether a police officer is attempting to make a lawful arrest or detention is not an element of the offense.

Here, Officer Chughtai was working undercover when he observed a vehicle driving without headlights or taillights in violation of 75 Pa.C.S.A. § 4302 (periods of required lighted lamps). He was informed by dispatch that the car was reported stolen. When he attempted to stop the vehicle by using his emergency lights and siren, it fled. When the vehicle became disabled, the occupants jumped out and ran. Officer Chughtai gave chase and

- 10 -

ultimately apprehended Appellant. As such, we conclude that Officer Chughtai had probable cause to detain Appellant regarding the stolen vehicle. Therefore, there was sufficient evidence presented to support Appellant's adjudication of evading arrest or detention on foot.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/30/2025